FILED

UNITED STATES DISTRICT COURT

MAY 21 2012

DISTRICT OF SOUTH DAKOTA



SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| EUGENE MATHISON, | * | CR 96-40048 |
| | * | CV 00-4055 |
| Plaintiff, | * | CV 11-4111 |
| | * | |
| | * | MEMORANDUM OPINION AND |
| - vs - | * | ORDER APPOINTING COUNSEL |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| EUGENE MATHISON, | * |
| Plaintiff, | * |
| - vs - | * |
| UNITED STATES SENTENCING COMMISSION, | * |
| Defendant. | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

On June 9, 1997, a jury convicted Eugene Mathison of 38 counts of mail fraud, five counts of wire fraud, fifteen counts of money laundering, one count of conspiracy to commit mail fraud, wire fraud, money laundering and engaging in monetary transactions in property derived from specified unlawful activity, and two counts of engaging in monetary transactions in property derived from specified unlawful activity. On September 18, 1997, Mathison was sentenced to a total term of imprisonment of 246 months. Mathison's conviction was affirmed by the Eighth Circuit Court of Appeals on September 2, 1998. Since his conviction was affirmed, Mathison has filed a number

of post-trial motions and petitions. A number of motions are pending in the cases listed in the caption to this Order.

After Mathison's conviction had become final and after the denial of his motion to vacate, set aside or correct his sentence had been affirmed, the United States Supreme Court issued its decision in *United States v. Santos*, 553 U.S. 507 (2008). In *Santos*, a defendant who was found guilty of running and conspiring to run an illegal gambling business, was also found guilty of one count of conspiracy to launder money (§ 1956(a)(1)(A)(i) and § 1956(h)), and two counts of money laundering (§ 1956(a)(1)(A)(i)). In affirming the reversal of the money laundering convictions, the Supreme Court, in a plurality opinion, held that the "proceeds" in the money-laundering statute was ambiguous, making the rule of lenity applicable, and further held that "proceeds" referred to "profits," not "receipts," in that prosecution.

The application of *United States v. Santos* has evolved and expanded. In *United States v. Rubashkin*, 655 F.3d 849, 865 (8th Cir. 2011), the Eighth Circuit Court of Appeals rejected the government's argument that the holding in *United States v. Santos* was restricted to the illegal gambling context. In *Wooten v. Cauley*, 2012 WL 1216288 (6th Cir. April 12, 2012), the Sixth Circuit Court of Appeals recently observed that immediately following *Santos*, many district courts concluded that *Santos* was not retroactively applicable, but that now several circuit courts have held that *Santos* is retroactively applicable because its interpretation of the definition of "proceeds" in 18 U.S.C. § 1956 constitutes a substantive change in the law which places the burden on the prosecution to prove the use of profits, not mere gross receipts, in money laundering cases. 2012 WL 1216288 at *5 (citing *United States v. Halstead*, 634 F.3d 270, 271 (4th Cir. 2011); *Garland v. Roy*, 615 F.3d 391, 396 (5th Cir.2010); *King v. Keller*, 372 Fed.Appx. 70, 73 (11th Cir. 2010). The Sixth Circuit also noted that in at least one instance the government has conceded that the holding in *Santos* applies retroactively. *Id.* (citing *Santana v. United States*, No. 08–1493–JLR, 2009 WL 1228556, at *1 n. 2 (W.D.Wash. May 4, 2009)).

In *Garland v. Roy*, 615 F3d 391 (5th Cir. 2010), a pro se petitioner brought a habeas corpus petition under 28 U.S.C. § 2241, alleging that he was entitled to be released under the holding of *United States v. Santos*. The Fifth Circuit Court of Appeals reversed the dismissal of the action after recognizing that if a retroactively applicable decision establishes that a habeas petitioner may have

been convicted of a nonexistent offense, the habeas statute may be utilized to challenge the legality of the petitioner's sentence. 615 F.3d at 404.

Mathison ended his formal education in the 11th grade. He is a 74-year-old unrepresented inmate serving a 246-month sentence. In light of Mathison's circumstances and the complexity of the law applicable to money laundering, the Court has determined that the interests of justice require that counsel be appointed[1] to consider whether a habeas corpus petition under 28 U.S.C. § 2241 based on *Santos* should be brought on Mathison's behalf, and to draft and file such a petition if the facts and law warrant taking such action. Accordingly,

**IT IS ORDERED** that Ronald Parsons is appointed to represent Mathison as set forth in this Memorandum Opinion and Order.

Dated this 21st day of May, 2012.

BY THE COURT:

*/s/ Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)    DEPUTY

---

[1] *See Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990) (interests of justice may require appointment of counsel when "factual and legal issues are sufficiently complex and numerous that appointment of counsel would benefit both [petitioner] and the court.").

3